## MARTIN vs. GARRETT.—June, 1826.

Debt on a single bill. Defendant pleaded general performance of *articles of agreement*, and plaintiff replied, by a *protestation*, that the defendant had not performed the articles of agreement, and issue was joined.

*Held*, that the pleadings were irregular; that in fact there was no issue joined in the cause. That to make an issue, as the plea affirmed, the performance of articles of agreement, there should have been in the replication an express negation of the plea. That a denial by way of protestation is no denial, and is ever unavoidable in the suit in which it is made, and in that suit the matters protested against are in effect admitted.

*Held* also, that if there was an issue joined in fact, it was an immaterial one, as it was joined on articles of agreement which did not appear in the pleadings, and the action was on a single bill, and was therefore an issue on a point different from the material allegation in the plaintiff's declaration.

A verdict having been rendered for the defendant in the inferior court, and judgment given on the verdict, it was reversed by the appellate court, and returned by *procedendo*, that the court below might award a *repleader*.

APPEAL from *Montgomery* County Court. This was an action of debt; and the declaration stated that the defendant, (the present appellee,) on the 12th of August 1819, by his certain bill obligatory, acknowledged himself indebted to the plaintiff, (the appellant,) and promised to pay him the sum of £60 5 3½. The defendant pleaded, that he from the time of making the articles aforesaid, until the day of the impetration of the original writ of the plaintiff, well and truly hath ob-

served, performed, paid, done and kept, all and singular the covenants, clauses, payments and agreements, in the said articles contained, which on his part were to be observed, performed, fulfilled, paid, done and kept, according to the form and effect of the said articles aforesaid; and this he is ready to verify," &c. The plaintiff replied, protesting that the plea of the defendant was insufficient, &c. and protesting also that the defendant had not performed, &c. and issue was joined.

At the trial, the plaintiff to support the issue on his part, read in evidence the following papers, admitted to have been executed by the defendant. 1. "*Honore Martin's* account against *William Garrett* to the 12th of August 1819, is £830 7 11, equal to ———. *William Garrett's* account against *Honore Martin* to the 12th of August 1819, is £770 1 7½, which leave a balance due *Honore Martin* of £60 5 3½; but there was an agreement made by *William Garrett*, with *Honore Martin*, to build a log granary, and also to build a shed to a house that *Honore Martin* had at *Medley's*, which *William Garrett* never completed—Therefore it is agreed by the parties, that what work *William Garrett* has done towards the building, according to his contract, should be paid for; which is to be settled by *Archibald Orme* and *James Gissen*, who are to make a statement of the building, and the work done by *William Garrett*, according to the account stated by the parties. The agreement for the building according to contract, was to be two hundred dollars, and what work was not done by *William Garrett* to be deducted out of the two hundred dollars." Signed and sealed by *Martin* and *Garrett*, the 13th of August 1819. 2. "It appears there exists a dispute concerning the moving of a house by *William Garrett*, which he charges five dollars for; and also a receipt of *Solomon Holland* for *William Garrett's* order, 18th July 1799, for £5 9 2½, which agree to leave to *Gassaway Perry* and *Brice Selby* to settle between us." Signed by *Martin* and *Garrett*. The defendant then prayed the court to instruct the jury, that upon the issue joined in the cause, the plaintiff was not entitled to recover. Which direction the Court, [*Kilgour*, A. J.] gave to the jury. The plaintiff excepted; and the verdict and judgment being against him, he appealed to this court.

The cause was argued before BUCHANAN, Ch. J. and EARLE, MARTIN, STEPHEN, ARCHER, and DORSEY, J.

*Mitchell*, for the Appellant, contended—1. That no issue was joined, and therefore there was a mistrial, and no judgment could be rendered upon the verdict given by the jury.

2. That upon the evidence stated in the bill of exceptions, the plaintiff was entitled to maintain this action of debt.

2. That the judge below erred in assuming, without proof, that the plaintiff executed the agreement; and also in directing the jury that upon the *issue joined* the plaintiff was not entitled to recover.

An agreement to refer matters in dispute will not preclude an action being brought. *Thompson vs. Charnock*, 8 *T. R.* 139. *Allegre vs. Maryland Insurance Company*, 6 *Harr. & Johns.* 413. *Mitchell vs. Harris*, 2 *Ves. jr.* 129. In an action of debt a sum less than that declared for may be recovered. 1 *Wheaton's Selw.* tit. *Debt*, 403. *M'Quillin vs. Cox*, 1 *H. Blk. Rep.* 249. *Lord vs. Houstoun*, 11 *East*, 62. *Walker vs. Witter*, 1 *Dougl.* 6. *Aylett vs. Lowe*, 2 *W. Blk. Rep.* 1221.

No Counsel appeared for the Appellee.

ARCHER, J. delivered the opinion of the Court. This is an action of debt on a single bill, as appears from the declaration, for the payment of £60 5 3½. The defendant pleaded general performance of *articles of agreement*, and the plaintiff replied by a *protestation* that the defendant hath not performed *the articles of agreement*.

The pleadings are altogether irregular. There is in fact no issue joined in the cause. There is the affirmance of the performance of articles of agreement, but there should have been an express negation of defendant's plea. A denial, by way of protestation, is no denial. It is ever unavailable in the particular suit in which it is adopted, and the allegations protested against are in effect admitted in the suit. 1 *Chitty on Plead.* 590. The tender of issue upon such a replication is therefore erroneous. There was in fact no issue for the jury to try.

But if there was an issue joined between the parties, it was an immaterial issue; for it is an issue joined on certain *articles*

*of agreement,* which no where appear in the pleadings, and the suit is brought on a single bill. Now the finding of this issue, either for the plaintiff or defendant, determines no one question which has any relevancy to the action, and no judgment could be rendered on the verdict. Issue is taken, on a point different from the material allegation in the plaintiff's declaration, and although found by the verdict, the merits of the cause are left undetermined, and the court could not tell for whom to render judgment.

The judgment is reversed, that the county court may award a repleader, and that substantial justice may be done between the parties.

JUDGMENT REVERSED, AND PROCEDENDO AWARDED.